UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GEORGE ADAM HOFFMAN, III,

    Plaintiff,

v.

ANGELS HOUSE, LLC
D/B/A ANGEL'S RECOVERY,
ANGEL'S RECOVERY LLC,
TOVAH JASPERSON,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff GEORGE ADAM HOFFMAN, III brings this action against Defendants, ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY, ANGEL'S RECOVERY LLC, and TOVAH JASPERSON, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through interstate communications.

4. At all times material hereto, Defendant, ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of providing rehabilitation services, at all times material hereto

was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, ANGEL'S RECOVERY LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of providing rehabilitation services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, TOVAH JASPERSON, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY; said Defendant acted and acts directly in the interests of Defendant, ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY, in relation to said co-Defendant's employees. Defendant effectively dominates ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, TOVAH JASPERSON was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant, TOVAH JASPERSON, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, ANGEL'S RECOVERY LLC; Defendant acted and acts directly in the interests of Defendant, ANGEL'S RECOVERY LLC, in relation to co-Defendant's employees. Defendant effectively dominates ANGEL'S RECOVERY LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others.

Thus, TOVAH JASPERSON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendants, ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY and ANGEL'S RECOVERY LLC, were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

9. Defendants, ANGELS HOUSE, LLC D/B/A ANGEL'S RECOVERY and ANGEL'S RECOVERY LLC, are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a behavioral technician.

11. During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper overtime wages of at least 1.5 times their regular hourly rates for all hours worked over 40 each week.

12. Plaintiff has attached a Statement of Claim as <u>Exhibit A</u> to provide estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

13. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

14. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18.     Plaintiff seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791